```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF CONNECTICUT
```

Randall E. Smith, Sr.,                  :
        Plaintiff,                      :
                                        :    Case No. 04cv782 (JBA)
v.                                      :
                                        :
Jo Anne B. Barnhart Commissioner,       :
Social Security Administration          :

**Ruling on Defendant's Objection to the
Magistrate's Recommended Ruling [Doc. # 18]**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) requesting review of a final decision by the Commissioner of Social Security (the "Commissioner"), which denied plaintiff disability insurance benefits.  Currently pending before this Court is plaintiff's Motion for Summary Judgment or, Alternatively, an Order of Remand, see [Docs. ## 11, 15], and defendant's Motion for Order Affirming the Decision of the Commissioner and in Opposition to Remand, see [Doc. # 14].  On July 26, 2005, Magistrate Judge Joan G. Margolis issued a Recommended Ruling granting plaintiff's motion in part and ordering a limited remand, and denying defendant's motion ("Recommended Ruling").  See [Doc. # 17].  On August 15, 2005, defendant filed objections to the Recommended Ruling.[1]  See [Doc. # 18].  For the reasons that follow, the Recommended Ruling is APPROVED and ADOPTED as modified below.

---

[1] Plaintiff did not file any objections to the Recommended Ruling or any response to defendant's objections.

1

I.   **FACTUAL AND ADMINISTRATIVE BACKGROUND**[2]

Plaintiff is a 50 year old male who worked for eighteen consecutive years for the Yale-New Haven Hospital, first as a part-time sanitation worker and then as a full-time cook, preparing food for the entire hospital and hospital complex. See Certified Transcript of Administrative Proceedings, filed July 16, 2004 ("Tr."), 77, 440, 446-47, 462-63. Plaintiff testified that as a cook, he regularly lifted pots and pans, weighing up to approximately 120 pounds. Id. at 447. On February 12, 1996, plaintiff lifted a two-quart ladle of tomato sauce and injured his right upper extremity while working as a covered kitchen worker at Yale-New Haven Hospital. Id. at 447-48, 221, 245. Plaintiff sought treatment under workers' compensation for this injury. Id. at 411-18. Over the course of more than six years following his injury, plaintiff was examined by various doctors and underwent multiple surgeries and attended physical therapy both for workers compensation purposes and in an attempt to remedy the injury. See id. at 157-71, 181-82, 189-94, 207, 221, 398-400, 411-23, 427, 434-36, 448-49, 455. Plaintiff was also diagnosed with adult-onset diabetes in 1997, apparently unrelated to his injury. See id. at 251, 416.

---

[2] Familiarity with Magistrate Judge Margolis's comprehensive ruling detailing the facts and circumstances underlying this dispute is presumed.

Plaintiff was terminated from Yale-New Haven Hospital in January 1999 for inability to perform his job duties, see id. at 412, 446, and then worked as a part-time sales person at Kohl's Department Store in Hamden, Connecticut from February 2000 through October 2000.  Id. at 412, 442-43.  Plaintiff stopped working at Kohl's in October 2000 because "[he] needed more surgery on [his] arms," id. at 443, and has not worked since.  Id. at 412, 445.

On April 11, 2001 plaintiff filed an application for disability insurance benefits.  Id. at 14, 77-79.  His application was initially denied on June 26, 2001, id. at 26, 28-31, and the denial was affirmed on September 22, 2001, id. at 33-36.  The Social Security Administration received a timely-filed request for a hearing before an Administrative Law Judge ("ALJ") regarding plaintiff's application on November 6, 2001.  See id. at 37.  After hearing testimony, including testimony from plaintiff and from a vocational expert, Dr. Courtney Olds, ALJ Roy Liberman issued a decision on December 19, 2003, finding that plaintiff did not meet disability insured status because the severity of plaintiff's impairments did not constitute one of the impairments listed in the Social Security regulations and because, while plaintiff could not perform his prior work, there were significant numbers of jobs existing in the national economy which plaintiff was capable of performing, see Tr. at 14-22.

Plaintiff's appeal was subsequently denied, thus rendering the ALJ's December 19, 2003 decision the final decision of the Commissioner of Social Security.  Id. at 5-10.

In her recommended ruling, Magistrate Judge Margolis found that the ALJ was correct in concluding that plaintiff's impairments did not constitute a listed impairment, see Recommended Ruling at 15, and in concluding that there is "ample medical evidence in the record to show that plaintiff has the residual functional capacity to perform sedentary work," id. Magistrate Judge Margolis concluded, however, that while "[t]he record clearly reflects plaintiff's continued ability to sit, stand, and walk," and that "plaintiff is fully capable of performing work dependent on these functions," plaintiff may not be able to perform any of the jobs proposed by the vocational expert.  See id. at 17.  Specifically, Magistrate Judge Margolis concluded that plaintiff would not be able to perform a "light driving job" or a job as a parking attendant, given his testimony regarding numbness in his right hand and the vocational expert's testimony that if plaintiff were incapable of using his right hand, such jobs would be unsuitable.  See id. at 17-18.  With respect to the third proposed job as an entry-level security officer, Magistrate Judge Margolis concluded that the record was unclear as to whether plaintiff would be capable of performing this job and thus remanded for a determination of whether

plaintiff's purported hand numbness would preclude him from performing such a job.  Id. at 18-19.

Defendant now objects to Magistrate Judge Margolis's Recommended Ruling on two grounds.  First, defendant argues that plaintiff did not challenge the finding that alternative jobs exist in significant numbers and that, because she affirmed the ALJ's findings that (1) plaintiff did not have a listed impairment, and (2) plaintiff could do sedentary work, Magistrate Judge Margolis should have affirmed the decision made by the ALJ and should not have reached the ALJ's finding concerning the existence of alternative jobs that plaintiff is capable of performing.  See Def's Objections at 1-2.  Second, defendant objects to Magistrate Judge Margolis's conclusions regarding those alternative jobs and, especially, her conclusion that plaintiff could not perform either a light driving job or the job of a parking attendant.  Thus, defendant objects to Magistrate Judge Margolis's recommended limited remand solely on the question of whether plaintiff could perform the job of entry-level security officer and argues that if a remand is granted, it should be for "less restrictive reasons," including plaintiff's residual functional capacity generally to perform all alternative jobs, not just the security officer job.  Id. at 2-5.

For the reasons that follow, defendant's first objection is overruled, while the second objection is sustained, and the

5

Magistrate Judge's Recommended Ruling is adopted as modified below.

**II.  DISCUSSION**

**A.  Standard of Review of a Magistrate Judge's Recommended Ruling**

In the face of an objection to a Magistrate Judge's recommended ruling, the District Court makes a de novo determination of those portions of the recommended ruling to which an objection is made.  This Court may adopt, reject, or modify, in whole or in part, the Magistrate Judge's recommended ruling.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**B.  Standard of Review of a Social Security Disability Determination**

This Court will set aside the ALJ's decision only upon a finding that it was based upon legal error or is unsupported by substantial evidence.  See Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998).  Substantial evidence is more than a "mere scintilla," it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation and citation omitted); Yancey v. Apfel, 145 F.3d 106, 111 (2d Cir. 1998).  The substantial evidence standard also applies to inferences and conclusions that are drawn from findings of fact.  See Gonzalez v. Apfel, 23 F. Supp. 2d 179, 189 (D. Conn. 1998). Thus, absent legal error, this Court may not set aside the

decision of the ALJ if it is supported by substantial evidence. Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

The Social Security Act provides that every individual who suffers from a "disability" is entitled to disability insurance benefits. See 42 U.S.C. § 423(a)(1). "Disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

In reviewing disability claims, the agency must follow a five-step process. First, the agency will determine whether a claimant is engaged in substantial gainful activity and, second, whether the claimant has an impairment which is of the required duration and which significantly limits his or her ability to work. If claimant is engaged in substantial gainful activity or does not have a sufficiently severe impairment, the claim will be disallowed. See 20 C.F.R. § 404.1520(a)-(c). Third, the medical evidence of the claimant's impairment is compared to a list of impairments presumed severe enough to preclude any gainful work, and if the claimant's impairment matches or "equals" one of the listed impairments, he or she qualifies for benefits without further inquiry. See 20 C.F.R. § 404.1520(d). However, if the claimant does not qualify under the listings, the agency must

take the fourth step of determining whether the claimant can perform his or her own past work, see 20 C.F.R. § 404.1520(e)-(f), and if not, take the fifth step of assessing the claimant's present job qualifications, and whether jobs exist in the national economy that claimant could perform.  See 20 C.F.R. § 404.1520(g); see also generally Heckler v. Campbell, 461 U.S. 458, 460-61 (1983).  In making this determination, the agency may rely on medical-vocational guidelines which establish, through rulemaking, the types and numbers of jobs that exist in the national economy.  Id. at 461.  The burden of establishing a disability is on the claimant, and once the claimant demonstrates that he or she is incapable of performing his or her past work, the burden shifts to the agency to show that the claimant may pursue alternative work.  See Balsamo, 142 F.3d at 80.

   Thus, defendant's first objection to the Recommended Ruling is that the Commissioner's final decision should be affirmed because Magistrate Judge Margolis affirmed the ALJ's findings that plaintiff did not have a listed impairment, and that plaintiff could perform sedentary work.  Defendant ignores, however, the fact that these findings alone do not compel affirmance of the Commissioner's decision.  Specifically, notwithstanding a finding that plaintiff could perform sedentary work, if the Commissioner has not demonstrated that jobs exist in the national economy that plaintiff could perform, a finding of

"not disabled" is not supported by substantial evidence.  Thus, plaintiff's first objection is overruled.

Defendant next objects to Magistrate Judge Margolis's findings regarding the possible alternative jobs that plaintiff could perform.  Specifically, defendant contends that the lack of medical evidence suggests that plaintiff is not sufficiently limited from performing certain jobs (including a light driving job and a parking attendant job) and therefore plaintiff's claimed numbness in his right hand "should not have been considered a restriction that further eroded the base of jobs he was able to perform and the remand to elicit additional testimony should not be adopted."  Def's Objections at 5.

In reviewing the ALJ's conclusions regarding plaintiff's capability to perform other jobs ("residual functional capacity"), Magistrate Judge Margolis found that while there was "ample medical evidence in the record to show that plaintiff has the residual functional capacity to perform sedentary work," the ALJ's decision that plaintiff could perform a light driving job or the job of a parking attendant was not supported by substantial evidence. See Recommended Ruling at 16, 18 (eliminating as possibilities a light driving job or the parking attendant job).  In reaching this conclusion, Magistrate Judge Margolis referred to testimony from plaintiff that he could not drive for more than an hour without taking a 15 minute break, see

Tr. at 441-42, 469, and testimony from the vocational expert that if plaintiff was incapable of using his right hand, he could not perform the light driving job, see id. at 467, and that plaintiff might have some difficultly performing the job of a parking attendant if he could not use a cash register and had to park cars with manual transmissions, see id. at 470-72.  As to the third proposed job, of an entry-level security officer, Magistrate Judge Margolis concluded that "[t]he record [was] unclear whether plaintiff's inability to write 'for very long'" would render him incapable of performing the duties of the job.  See Recommended Ruling at 18 (citing Tr. at 468).  Magistrate Judge Margolis thus recommended a remand "in order for Dr. Olds [the vocational expert] to testify whether given plaintiff's physical limitations . . . plaintiff would be able to perform the entry level security job."  Id. at 18-19.

   As noted above, in a disability application proceeding, once the claimant demonstrates that he or she is incapable of performing his or her past work – a finding not challenged here – the burden shifts to the Commissioner to show that the claimant may pursue alternative work.  While there is medical evidence in the record to support the conclusion that plaintiff has the residual functional capacity to perform sedentary work, there appears to be a substantial dispute as to plaintiff's ability to perform any of the alternative jobs proposed by Commissioner, a

dispute which the ALJ did not fully resolve.

Specifically, while plaintiff explained that he can drive a car but after an hour of driving his right hand goes numb and he has to pull over, see Tr. at 441-42, 469, and the vocational expert testified that if the plaintiff were incapable of using his right hand, he could not perform the light driving job, see id. at 467, the ALJ heard no expert testimony actually concluding that plaintiff would be disqualified from performing the light driving job.  The vocational expert only stated that "**[i]f** Mr. Smith was incapable of using his right hand" he could not perform the driving job.  Id. (emphasis added).  Moreover, no medical testimony was presented to suggest that plaintiff was entirely "incapable" of using his right hand, and plaintiff did not raise such an allegation in his pre-hearing memorandum before the ALJ.  See id. at 55-56.  Similarly, the vocational expert stated there might be some difficultly with the parking attendant job "**[i]f** he couldn't use a cash register, at all" and with the driving of manual transmission cars.  Id. at 470-72 (emphasis added).  Again, no medical testimony was presented to support a conclusion that plaintiff could not use a cash register "at all" or that he would encounter sufficient trouble driving manual transmission cars from which the vocational expert could reasonably conclude that he was not suited for the job of parking attendant.  As Magistrate Judge Margolis correctly noted, the same problem

exists with respect to the security officer job – the record is unclear whether plaintiff's alleged hand numbness would cause sufficient problems with writing to disqualify him from performing the duties of such a job.

Accordingly, the Court sustains defendant's second objection in part, and adopts defendant's proposal for a less restrictive remand, "to consider plaintiff's allegations of upper extremity numbness, to consider whether the allegations are supported by the record, and to consider whether there is additional impact on the plaintiff's residual functional capacity, in a manner not already encompassed [in the ALJ's decision]."  Def's Objections at 5.

### III. CONCLUSION

For the reasons set forth above, the Recommended Ruling [Doc. # 17] granting in part plaintiff's motion for summary judgment and ordering a remand, and denying defendant's motion for an order affirming the Commissioner's decision is APPROVED and ADOPTED as modified.  This case is REMANDED for the purposes described above and the clerk is directed to close this case.

                              IT IS SO ORDERED.


                              /s/
                              Janet Bond Arterton
                              United States District Judge

**Dated at New Haven, Connecticut this 29th day of December, 2005.**